UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GAYLE M. PETERSEN, ) | |
| 1320 Rittenhouse St., NW ) | |
| Washington, DC 20011 ) | |
| ) | |
|      Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | |
| ) | |
| ED SCHAFER, SECRETARY ) | Case No.: _____ |
| United States Department of Agriculture, ) | |
| 1400 Independence Ave, SW ) | |
| Washington, DC 20250 ) | **JURY TRIAL DEMAND** |
|      Defendant. ) | |
| ) | |
| ) | |
| ) | |

## COMPLAINT

This is an action by Plaintiff, Gayle M. Petersen (herein after referred to as "Petersen" or

"Plaintiff"), to redress actions taken individually and collectively by Defendants (herein after

referred to as "Defendants"), based on discrimination pursuant to Title VII of the Civil Rights

Act of 1964, as amended.  Plaintiff brings this action to correct unlawful employment practices

on the bases of her sex (female), race (African American), color (light skinned) and retaliation by

subjecting her to a hostile work environment and harassment.

     Plaintiff prays a jury trial under federal rules in this case, and states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is proper in this matter because the case involves claims against a federal

    agency, the United States Department of Agriculture, which are brought pursuant to

    federal statutory law, including Title VII of the Civil Rights Act of 1964, as amended, 42

    U.S.C.A. §§ 2000e-2(a), (d), (m), (n), 2000e-3(a), 2000e-5 (f) (1), (3); 2000e-16.

2.  Jurisdiction is appropriate under 29 U.S.C. §633a(c); 28 U.S.C.A. §§1331, 1339, 1343 et. seq. and 1346(a)(2). This Court also has jurisdiction to award all monetary damages sought by Plaintiff in this case and any reasonable attorney's fees and costs Plaintiff may incur pursuant to 42 U.S.C.A. §2000e-5(g), (k), and 28 U.S.C.A. §1346(b)(1).

3.  Venue is proper in the United States District Court for the District of Columbia under 28 U.S.C.A. § 1391(b)(1) and the local rules of this Court because the Defendant, United States Department of Agriculture, is an agency that is deemed to reside in this district pursuant to 28 U.S.C. A. § 1391(c). Venue is also proper in the United States District Court for the District of Columbia under 28 U.S.C.A. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred in this District.

## EXAUSTION OF ADMINISTRATIVE REMDIES

4.  All of the necessary administrative prerequisites for filing the above referenced claims have been met[1].

5.  Petersen timely files this civil action lawsuit in the appropriate United States District Court within the 30-day statutory period (*See* 5 USC § 7703(b)(2)) after receipt of a final order from the Merit Systems Protection Board on May 1, 2008. Order dated April 30, 2006 attached as Exhibit 1.

## PLAINTIFF

6.  Plaintiff, Petersen, is an African American, light skinned, female, with prior protected activity, United States Citizen, and at all times relevant to the events alleged in this Complaint, a resident of Washington, DC.

---

[1] Plaintiff's factual allegations encompass claims that were part of two distinct formal charges of discrimination. The first was filed on 12/28/2006, Case No.: CRSD-CF-2006-02614. After receipt of the Report of investigation Plaintiff requested a hearing before an EEOC Administrative Judge. Plaintiff's second charge was filed on November 9, 2007, Case No.: CRSD-CF-2008-00001. Complaint attached as Exhibit 2. As of today's date a Report of Investigation has not been filed.

**DEFENDANT**

7. Defendant, Ed Schafer, is the Secretary of the United States Department of Agriculture (sometimes referred to herein as "Defendant"), is the properly named Defendant in this matter to represent the United States Department of Agriculture arising out of events that took place at its facility or facilities located in Washington, DC.

8. Defendant maintained offices within Washington, DC at all times relevant to this complaint.

**FACTUAL BASIS OF COMPLAINT**

9. Plaintiff has been an Equal Opportunity Investigator/Examiner GS-930 in Defendant's Office of Civil Rights/ Complaints Adjudication Division ("CAD") since April 12, 1999.

10. As of the date of the actions at issue during her employment her first line supervisor was and is Mr. Ted Gutman and her second line supervisor was Ms. Constance Bails. Presently her second line supervisor is Ms. Sadhna True.

11. In a meeting with Ms. Bails in January 2006, Plaintiff was asked if she thought she was better than other black people because of the color of her skin?

12. On other occasions, Ms. Bails made similar remarks using ethnic and racial slurs, including referring to black employees as "ya'll niggas."

13. On another occasion, Ms. Bails informed Petersen that she need not worry because "we are going to be bringing some more light-skinned people here for you to work with soon."

14. In early February 2006, Plaintiff met with Mr. Gutman, upon advice from Ms. Bails, and was informed that if she requested a detail Mr. Gutman would approve it. Petersen understood this comment as Mr. Gutman's desire for her to leave the CAD office.

15. Plaintiff began receiving hostile, accusatory and derogatory e-mails from Mr. Gutman.

16. On September 18, 2006, Petersen filed a complaint of discrimination with Defendant's EEO office.

17. Prior to that date, Plaintiff verbally opposed the practices of management that were in violation of EEO laws, including an effort to organize a union at her workplace in May 2006.

18. On or about September 18, 2006, Petersen's supervisor, Mr. Guttman, sent her a hostile and disturbing e-mail regarding false and accusatory reported actions that Plaintiff purportedly took pertaining to her performance binder.

19. Peterson's time and attendance sheets were overly scrutinized by management, including Mr. Gutman.

20. Petersen received an unfair performance evaluation of "Fully Successful" for the evaluation period ending September 30, 2006.

21. Between 1999 and 2005, Peterson earned performance evaluations of "Outstanding," and received performance bonuses for her successful work.

22. Plaintiff did not receive a cash award for her "Fully Successful" rating, though Mr. John McLemore, an African American dark skinned male received a cash award for a rating of "Fully Successful".

23. Petersen was the top producer in the division. The "Fully Successful" rating was the lowest rating Petersen received in her entire career.

24. The day after her performance evaluation, Mr. Guttman presented Petersen with a Pre-PIP (Performance Improvement Plan); however, such an item does not exist according to Human Resources or Agency rules and procedures.

25. Based on the "Fully Successful" rating, Petersen was allegedly not eligible for a cash award.

26. A male employee, Mr. John McLemore, received a "Fully Successful" and was presented with a cash award.

27. On or about October 15, 2006, Petersen was given an assignment by Mr. Gutman to complete a finding of discrimination within three days.  Mr. Gutman specifically informed Petersen that failure to complete the assignment would result in disciplinary action, up to removal for failure to follow a direct order.

28. Between October 15, 2006 and October 18, 2006, Mr. Gutman and Mr. Ali Muhammad repeatedly gave Plaintiff additional assignments.

29. Other adjudicators are normally provided 30 days to complete a finding of discrimination.

30. Other adjudicators are not threatened with disciplinary action for all assignments.

31. Petersen subsequently amended her September 2006 EEO complaint of discrimination to add the instant claims of reprisal.

32. On or about November 1, 2006, Petersen's supervisor, Mr. Guttman, invited a co-worker, Mr. Ali Muhammad, to participate in a meeting to discuss Plaintiff's performance evaluation.  Mr. Muhammad was not management personnel at the time.

33. On or about December 13, 2006, Plaintiff received a notice of Proposed Suspension of 21 days.

34. Plaintiff was ultimately suspended for 21 days

35. Petersen was repeatedly denied training opportunities, while other male non-African American employees, such as Justin Rhee, were allowed to take extensive training, including courses at the Kennedy Business Institute.

36. Petersen was repeatedly denied requests for transfer, reassignment and/or detail since February 2006.

37. Upon requesting transfers from Ms. Bail, Mr. Gutman and Ms. Sadhna True, Petersen was informed she would not be allowed to transfer.

38. Other employees outside of Plaintiff's protected classes, including Ms. Versha Kumar, Ms. Barbara Lincoln-Smith, Ms. Susan Notar and Mr. Justin Rhee were allowed to transfer.

39. In October 2007, Plaintiff failed to receive a mid-year review and performance appraisal for fiscal year 2007.

40. Mr. Gutman, the responsible management official, conducting mid year reviews and completed performance appraisals for other employees within the section, but failed to conduct same with Petersen.

## COUNT I -HOSTILE WORKING ENVIRONMENT

41. Plaintiff adopts and incorporates by reference each and every allegation set forth in the previous paragraphs as if the same were set forth in full in this Count.

42. Defendant, through its employees, engaged in conduct both objectively and subjectively hostile to Plaintiff at all relevant times to this complaint.

43. Defendant, through its employees, created and perpetuated a hostile work environment against Plaintiff based on her gender, race, color, and for engaging in protected activity.

44. That the aforementioned allegations in this Complaint were severe and pervasive to Plaintiff.

45. That the aforementioned allegations in this Complaint created an objectively and subjectively abusive working environment against the Plaintiff.

46. Other similarly situated employees outside the protected classes of Plaintiff were not subjected to the same terms or conditions of employment as the Plaintiff.

47. Creation, allowing, and perpetuation of the hostile work environment (based on race, color, gender and for engaging in protected activity) and other measures regarding Plaintiff' employment, were taken and/or allowed by Defendant in violation of the Title VII, as amended.

48. As a direct result of Defendant's actions, conduct, and omissions, Plaintiff suffered pecuniary and non pecuniary damages.

49. But for the actions and conduct of Defendant's employees, Plaintiff would not have been harmed or injured.

50. In addition to the above, Plaintiff suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, loss of professional standing, self-esteem, and other economic and non economic damages as a direct result of Defendant's actions, conduct, and omissions.

WHEREFORE, PLAINTIFF PRAYS that she be awarded the following relief:

a) A declaratory judgment that the conduct engaged in by Defendant was a violation of Plaintiff' legal rights;

b) An order directing Defendant to pay an award of statutory compensatory (pecuniary and non-pecuniary) up to the maximum amount permitted by statute;

c)  An order directing Defendant to pay any and all fees and costs Plaintiff may incur in this

litigation; and

e)  Such other and further relief as the Court may deem just.

### COUNT II-DISCRIMINATION BASED ON GENDER, RACE, AND COLOR

51. Plaintiff adopts and incorporates by reference each and every allegation set forth in the

previous paragraphs as if the same were set forth in full in this Count.

52. The discriminatory treatment that Plaintiff received and suffered was based on Plaintiff's

gender, race, and/or color.

53. Other similarly situated employees not of Plaintiff's gender, race and/or color were not

treated in the way Plaintiff was treated.

54. A causal connection exists between Plaintiff's gender, race, and color and the

discriminatory treatment to which Plaintiff was subjected.

55. Plaintiff timely complained to Defendant about the discrimination to which Plaintiff was

subjected because of Plaintiff's gender, race, and/or color.

56. Defendant failed to promptly and appropriately remedy the situation.

57. Allowing the creation and perpetuation of criticisms, discipline and other adverse actions

as stated, directed against Plaintiff because of her gender, race, and/or color was in

violation of Title VII.

58. The Defendant's discriminatory practices described above deprived Plaintiff of her

federally protected civil rights and otherwise adversely affected her status as an

employee.

59. The unlawful employment practices described above were intentional, malicious, willful, wanton, callous, and/or showed reckless disregard for the Plaintiff' civil rights protected under Title VII.

60. In addition to the aforementioned, Plaintiff also suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, loss of self-esteem, and other damages as a direct result of Defendant's actions and omissions.

61. As a direct result of Defendant's actions and omissions Plaintiff suffered monetary and non-monetary damages.

62. In addition to the aforementioned, Plaintiff also suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, loss of self-esteem, and other damages as a direct result of Defendant's actions and omissions.

WHEREFORE, PLAINTIFF PRAYS that she be awarded the following relief:

a) A declaratory judgment that the conduct engaged in by Defendant was in violation of Plaintiff's legal rights;

b) An order directing Defendant to pay an award of statutory compensatory (pecuniary and non-pecuniary) damages up to the maximum amount permitted by statute and punitive damages in an amount to be determined;

c) An order directing Defendant to pay any fees and costs Plaintiff may incur in this litigation; and

d) Such other and further relief as the Court may deem just.

## COUNT III - DISPARATE TREATMENT ON THE BASIS OF GENDER, RACE, AND COLOR

63. Plaintiff adopt and incorporates by reference each and every allegation set forth in the previous paragraphs as if the same were set forth in full in this Count.

64. Plaintiff is a member of protected classes on the basis of gender, race and color at all times relevant to this Complaint.

65. That all of the aforementioned allegations in this Complaint constituted intolerable work conditions to the Plaintiff.

66. That all of the aforementioned allegations in this Complaint constituted unlawful intentional discrimination against Plaintiff.

67. This discrimination alleged was adverse and constituted concrete and tangible harm to the terms, conditions, and privileges of Plaintiff's employment.

68. Other similarly situated employees not of Plaintiff's protected classes were not subject to the same conditions of employment as Plaintiff.

69. That these aforementioned actions were made with the full authority or approval of Defendant.

70. Similarly situated employees, outside Plaintiff's protected classes, of Defendant were not subjected to the same unfair treatment as Plaintiff.

71. Defendant's actions against Plaintiff, as stated *supra*, were based on Plaintiff's gender, race, and color.

72. A causal connection exists between Defendant's actions against Plaintiff based on her gender, race, and color and all of these actions or conduct constituted intentional discrimination in violation of the Title VII of the Civil Rights Act of 1964, as amended.

73. Defendant's actions, conduct, and/or omissions alleged in this Complaint all constituted intentional violations of Plaintiff's rights under the Title VII of the Civil Rights Act of 1964, as amended.

74. But for Plaintiff's gender, race, and color they would not have received such discriminatory treatment from Defendant's employees.

75. Plaintiff was intentionally harmed by Defendant's conduct as alleged in this Complaint.

76. In addition to the above, Plaintiff suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, loss of professional standing, self-esteem, and other economic and non economic damages as a direct result of Defendant's actions, conduct, and omissions.

WHEREFORE, PLAINTIFF PRAYS that they be awarded the following relief:

a)  A declaratory judgment that the conduct engaged in by Defendant was a violation of Plaintiff legal rights;

b)  An order directing Defendant to pay an award of statutory compensatory (pecuniary and non-pecuniary) damages up to the maximum amount permitted by statute and punitive damages in an amount to be determined;

c)  An order directing Defendant to pay any fees and costs Plaintiff may incur in this litigation; and

d)  Such other and further relief as the Court may deem just.

## COUNT IV – DISCRIMINATION BASED ON RETALIATION

77. Plaintiff adopts and incorporates by reference all of the allegations set forth in the previous paragraphs as if same were set forth in full in this count.

78. The adverse and discriminatory actions as stated *supra* were based on Plaintiff engaging in protected EEO activity and her complaints concerning the discrimination to which Plaintiff was being subjected.

79. Defendant, by and through Mr. Gutman, Ms. Bails and Ms. True, had knowledge of

Plaintiff's prior protected activity.

80. Other similarly situated employees, who had not engaged in EEO activity, were treated more favorably than Plaintiff.

81. A causal connection exists between Plaintiff engaging in protected EEO activity and the adverse and discriminatory actions as stated *supra* to which she was being subjected.

82. Allowing the perpetuation of a hostile work environment, adverse actions and discrimination directed against Plaintiff because of her complaints concerning her discriminatory treatment was in violation of Title VII.

83. The Defendant's discriminatory practices described above deprived Plaintiff of her federally protected civil rights and otherwise adversely affected her status as an employee.

84. The unlawful employment practices described above were intentional, malicious, willful, wanton, callous, and/or showed reckless disregard for the Plaintiff's civil rights protected under Title VII.

85. As a direct result of Defendant's actions, Plaintiff was harmed, thereby suffering monetary and non-monetary damages.

86. In addition to the aforementioned, Plaintiff also suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, loss of self-esteem, and other damages as a direct result of Defendant's actions and omissions.

WHEREFORE, PLAINTIFF PRAYS that she be awarded the following relief:

a)  A declaratory judgment that the conduct engaged in by Defendant was a violation of Plaintiff's legal rights;

b) An order directing Defendant to pay an award of statutory compensatory (pecuniary and non-pecuniary) up to the maximum amount permitted by statute and punitive damages in an amount to be determined;

c)  An order directing Defendant to pay any fees and costs she may incur in this litigation; and

d)  Such other and further relief as the Court may deem just.

### JURY TRIAL DEMANDED

Plaintiff requests a trial by jury on all matters so triable.


_____/s/___Jason Weisbrot_____
Michael J. Snider, Esq. (MD Bar No. 24695)
Ari Taragin, Esq. (MD Bar No. 27409)
Jason Weisbrot, Esq. (MD Bar No. 28074)
Snider & Associates, LLC
104 Church Lane, Suite 100
Baltimore, MD 21208

Respectfully submitted,

## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

GAYLE M. PETERSEN,
          Appellant,

    v.

DEPARTMENT OF AGRICULTURE,
          Agency.

DOCKET NUMBER
DC-0752-07-0634-I-1

DATE: April 30, 2008

Leisha A. Self, Esquire, Washington, D.C., for the appellant.

Wolff Coulombe, Washington, D.C., for the agency.

### BEFORE

Neil A. G. McPhie, Chairman
Mary M. Rose, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review in this case asking us to reconsider the initial decision issued by the administrative judge. We grant petitions such as this one only when significant new evidence is presented to us that was not available for consideration earlier or when the administrative judge made an error interpreting a law or regulation. The regulation that establishes this standard of review is found in Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).

After fully considering the filings in this appeal, we conclude that there is no new, previously unavailable, evidence and that the administrative judge made no error in law or regulation that affects the outcome. 5 C.F.R. § 1201.115(d).

Therefore, we DENY the petition for review. The initial decision of the administrative judge is final. This is the Board's final decision in this matter. 5 C.F.R. § 1201.113.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims: Administrative Review

You may request the Equal Employment Opportunity Commission (EEOC) to review this final decision on your discrimination claims. *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). You must send your request to EEOC at the following address:

Equal Employment Opportunity Commission
Office of Federal Operations
P.O. Box 19848
Washington, DC 20036

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar

days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e5(f); 29 U.S.C. § 794a.

Other Claims: Judicial Review

If you do not want to request review of this final decision concerning your discrimination claims, but you do want to request review of the Board's decision without regard to your discrimination claims, you may request the United States Court of Appeals for the Federal Circuit to review this final decision on the other issues in your appeal. You must submit your request to the court at the following address:

United States Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the court no later than 60 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703). You may read this law, as well as review the Board's regulations and other related material, at

our website, http://www.mspb.gov.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

FOR THE BOARD:

William D. Spencer
Clerk of the Board

Washington, D.C.

CERTIFICATE OF SERVICE

I certify that this Order was sent today to each of the following:

Certified Mail              Leisha A. Self, Esq.
                            American Federation of Government Employees
                            Office of the General Counsel
                            80 F Street, N.W.
                            Washington, DC 20001

U.S. Mail                   Gayle M. Petersen
                            1320 Rittenhouse Street, NW
                            Washington, DC 20011

Electronic Mail            Wolff Coulombe
                            Department of Agriculture
                            1400 Independence Avenue, SW
                            Room 17 W
                            Washington, DC 20250


_____            _____
   April 30, 2008                        Charlene Powers
      (Date)                             Charlene Powers
                                         Paralegal Specialist

Nov 09 07 02:22p                                                                    p. 1

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**

| | | |
|---|---|---|
| United States Department of Agriculture | | 1400 Independence Avenue, S.W. |
| Office of Civil Rights | CRSD-CF-2008- | Mail Stop 9440 |
| Employment Complaints Division | 00001 | Washington, DC 2025○ |

**1. Name**

[ ] Mr. [X] Ms. PETERSEN, Gayle M     [X] USDA Employee    [ ] USDA Applicant
(Last)      (First)     (MI)        [ ] Former USDA Employee

**2. Address (Home)**    **3. Telephone Number**

1320 RITTENHOUSE St, NW    Work (202) 720-4071
(Street)

WDC    20011    Home (202) 723-3373
(City)   (State)   (Zip)                                      RMOs

**4. Name of Agency Which You Allege Discriminated Against You:**    TED GUTMAN
MICHAEL WATTS
OFFICE OF ADJUDICATION + Compliance    MARGO MCKAY
(Office)

300 7th St, NW, #4th Floor; WDC 20024
(City)                  (State)      (Zip)

**5. Bases of Discrimination** (Do not include bases for which you did not received counseling.) The bases are age, race, color, national origin, religion, sex, physical or mental disability, marital status, sexual orientation and reprisal. Be specific in your identification of bases (e.g., age: (55), sex (female), race (white).    IN PROTECTED

RETALLIATION FOR ENGAGING ACTIVITY

**6. Issue(s)** of Alleged Discrimination on which You Were Counseled and Wish to File Formal (Do not include issues or allegations for which you did not receive counseling. Provide, if you deem necessary, additional details on reverse side.) Be specific with exact issue and the date of the issue (e.g., non-selection to vacancy announcement USDA-99-174, Secretary, GS-318-5, on March 1, 1999, or 2-day suspension for misconduct on January 28 & 29, 1999). You do not need to elaborate on why you feel this was discriminatory; you will be given the opportunity to support your complaint during the investigation process. MSPB?

Retalliation for previous EEO activity - 12/28/06
- Failure to provide mid year review.
- Failure to provide performance evaluation; and
- Asking the Team leader (Michele Eiland) to work towards providing a perf. Eval. to me w/o saying me for 90 days.

**7.** Have you filed a negotiated grievance regarding the issues of this complaint?    [ ] yes [X] no

Have you filed an MSPB appeal regarding the issues of this complaint?    [ ] yes [X] no

**8. Representative, if any.** (Include phone number and address) Heather White, Esq.
1901 L St, NW, #601, WDC 20036

**9. Name of EEO Counselor** Joann Thomas

**10. Requested Remedy** (2) TRANSFER
(1) a performance evaluation (3) I WOULD LIKE THE HARASSMENT TO STOP.

**11. Signature** Gayle M Peterson    **Date** November 9 2007

If you have questions or need guidance in the completion of this form, contact your EEO Counselor.

U. S. Department of Agriculture
Office of the Chief Financial Officer
National Finance Center
Equal Employment Opportunity and Workforce Services Staff

---

### INTAKE FORM

#### For Filing an EEO Pre-complaint

CASE NO.: _____

---

| | |
|---|---|
| **Date of Contact with EEO Office** | October 11, 2007 |
| **Date received this form** | October 15, 2007 |
| **Name of Aggrieved Person** | Gayle Petersen |
| **Job Title and Grade** | Adjudicator/Complaints Investigator/Examiner  GS 13-6 |
| **Email** | Gayle.Petersen@usda.gov |
| **Home Address** | 1320 Rittenhouse Street, NW<br>Washington, DC  20011 |
| **Home Telephone Number** | 202/723-3373 |
| **Work Telephone Number** | 202/720-4071 |
| **Cellphone Number** | 202/486-8719 |
| **Office Title and Work Location** | Office of Adjudication and Compliance<br>300 7th Street, SW<br>Washington, DC |

**Designation of Representative:** You have the right to retain representation of your choice.  If you want someone other than yourself to represent you, you must elect the representative in writing.  The representative can be anyone of your choosing.  You may elect to have a representative at any stage in the process.

**Name of Representative:**       Heather White, Esq.

**Representative's Address:**     1901 L Street, NW #601

                                 Washington, DC  20024

**Representative's Phone Number:**      202/331-9260

**Is your representative an employee of the Agency?**        Yes _____ No ___X_____

U. S. Department of Agriculture
Office of the Chief Financial Officer
National Finance Center
Equal Employment Opportunity and Workforce Services Staff

**Anonymity:** You have the right to remain anonymous at the counseling stage of EEO Complaint Processing.  Do you wish to remain anonymous?

Yes _____No_____X_____

**ALLEGED BASES:**  Check and specify the basis(es) on which you believe you were discriminated against.  If you are alleging age discrimination, give your date of birth.  To file a complaint based on age, you must have been at least 40 years old when the incident occurred.  If you're alleging discrimination based on handicap, give the nature of your handicap.  If you are alleging discrimination based on retaliation/reprisal, you must have had prior involvement in the EEO complaints process.  For example previously entered counseling, filed a formal complaint, or witness in a complaint.

| 1. Race | | 5. Sex (Female) | | 10.   Reprisal | X |
|---------|---|----------------|---|----------------|---|
| Specify: | | 6. Sex (Male) | | Specify | |
| 2. Color: | | 7. Religion | | 11.  Parental Status | |
| Specify | | Specify: | | 12. Sexual Orientation | |
| 3. Age | | 8. Mental Disability | | 13. Political Party | |
| Specify DOB: | | Specify: | | 14.  Marital Status | |
| 4. National Origin | | 9.  Physical Disability | | 15.  Genetic Information | |
| Specify Place of Origin: | | Specify: | | 16.  Other | |

Claims of discrimination on the following bases **are not** covered by Federal anti-discrimination statutes: political belief, sexual orientation, marital status, family status, parental status, or genetic information.  Consequently, individuals who file EEO discrimination complaints on these bases have **NO** appeal rights after a final agency decision **AND NO** rights to a hearing before the Equal Employment Opportunity Commission.

## CLAIMS/MATTERS AT ISSUE:

| *ISSUE* | | *ISSUE* | | *ISSUE* | |
|---------|---|---------|---|---------|---|
| 01.  Appointment/Hire | | 09.  Disciplinary Action | | 17.  Reassignment-Req denied | |
| 02.  Assignment of Duties | | 10.  Duty Hours | | 18.  Reassignment-Directed | |
| 03.  Awards | | 11.  Examination/Test | | 19.  Reinstatement | |
| 04.  Equal Pay Act Violation | | 12. Evaluation/Appraisal | X | 20.  Retirement | |
| 05.  Demotion | | 13.  Harassment/Non-Sexual | | 21.  Time &Attendance | |
| 06.  Reprimand | | 14.  Sexual Harassment | | 22.  Training | |
| 07.  Suspension | | 15.  Pay Including Overtime | | 23.   Terms/Cond of Employment | |
| 08.  Termination | | 16.  Promotion/Non- | | 24.  Reasonable | |

U. S. Department of Agriculture
Office of the Chief Financial Officer
National Finance Center
Equal Employment Opportunity and Workforce Services Staff

| | selection | | Accommodation | |
|---|---|---|---|---|
| **25.  Other (Specify)** <br><br> Failure to process my within grade increase. | | | | |

**Please provide the date of each incident/claim:**

My performance evaluation for FY'07 was due by no later than Close of Business October 1, 2007.  As of this date I have not received my FY'07 appraisal.

I have not received my within grade increase (WGI), which was due sometime ago.  I however assumed that it had been interrupted because I had been suspended for 21 days.  Because I have not received any paperwork about the WGI, today (October 15, 2007), I called Human Relations and learned that my WGI has not been processed.

**Alleged Responsible Management Official: What is the name and position of the person(s) you believed discriminated against you?**

Ted Gutman.

**Have you discussed this matter with the person(s) you believed is responsible?  If so, what explanation did he or she give you?**

Yes.  I have been put on hold.

**Other Witnesses:  Are there any witnesses who have direct knowledge of the matter?  Please give me the name and work telephone number of each witness and what you believe they know about the matters at issue.**

**Other Forums:**

Have you filed a union grievance?              Yes _____ No ____X_____

**If so**, what is the status of your grievance?


Have you filed an appeal to the Merit Systems Protection Board (MSPB) on this matter?              Yes _____No _____X____


**If so**, what is the status of the MSPB appeal?

U. S. Department of Agriculture
Office of the Chief Financial Officer
National Finance Center
Equal Employment Opportunity and Workforce Services Staff

**RELEVANT INFORMATION:**

**Have you previously participated in the EEO process?  If so, when?**

Yes.  In December of 2006 I filed a formal complaint of discrimination against Ted Gutman and other members of the management team that are no longer with the agency.

**If you have previously participated in the EEO process, what is the current status of that action?**

My harassment claim is before the EEOC, and I am awaiting a decision from the MSPB judge regarding the 21 day suspension.

**What is the date of the most recent incident you would like to discuss with an EEO Counselor?**

The two items I previously mentioned with respect to my WIG and my FY '07 evaluation.

**Request for Relief:  What are you seeking in relief?**

I am requesting my WIG, and my FY'07 evaluation.  I am also requesting to be transferred from under the supervision of Ted Gutman.

| ELECTION OF PARTICIPATION – INFORMAL EEO COMPLAINT PROCESS (Please Check One) | |
|---|---|
| | Alternative Dispute Resolution (ADR) |
| X | Traditional EEO Counseling |

| | | |
|---|---|---|
| Has the Aggrieved been given a **written copy** of their Notice of Rights and Responsibilities | YES    X | NO |

**Documentation:  Please attach any documentation you wish to support your allegation(s). Include a copy of any written action(s) which caused you to seek counseling at this time.**

U. S. Department of Agriculture
Office of the Chief Financial Officer
National Finance Center
Equal Employment Opportunity and Workforce Services Staff

**NOTE:** Please review this form and make whatever corrections are necessary, then sign and return one copy of this form **immediately** so that the Intake Coordinator/EEO Counselor may be able to assist you.

_____        _____
Signature                                             Date _October 15, 2007_

Enclosures:      Certificate of Receipt of Rights and Responsibilities
                        EEO Complaint Process Flow Chart
                        Fact Sheet on Traditional EEO Counseling and ADR

---

**EEOWSS Use Only.**

**Date complaint received:** _____

**Date of Contact/Intake:** _____

**Contact Person's Name** _____

**If ADR elected**, date file sent to CPRC: _____

Date ADR is concluded: _____ Resolved (   ) Yes (   ) No

**If Counseling elected**, date file sent for counselor assignment: _____

---

## PRIVACY ACT STATEMENT (5 U.S.C. §552a)

The purpose of this form is to facilitate the accurate and timely processing of EEO complaints, initiate inquiries regarding the issues, bases, and desired resolution identified in the complaint, and provide contact information for ensuring compliance with EEO regulations. Only those individuals directly involved with a need to know will have access to the information contained in this form. Disclosure is voluntary. Failure to provide all information relevant to your complaint will not prohibit processing of your complaint. However, it may restrict a thorough inquiry and resolution attempts.

```
                    ********************
                   ***   TX REPORT   ***
                    ********************


        TRANSMISSION OK

        TX/RX NO            4925
        CONNECTION TEL                915044268652
        CONNECTION ID
        ST. TIME           10/15 11:36
        USAGE T            01'09
        PGS. SENT          5
        RESULT             OK
```

# REPORT OF COUNSELING
## OCR Control Number: CRSD-CF-2008-00001

**Please Check One of the Following: Individual Complaint [X[ Class Complaint [ ]**

## COMPLAINANT INFORMATION:

Name (Last/First/MI): Petersen, Gayle M.

Title/Series/Grade: Adjudicator/Complaints Investigator/Examiner, GS-930-13

Agency Address: 300 7th Street, S.W., Washington, DC 20045

Work Telephone: (202) 720-4071

Home Telephone: (202) 723-3373

E-Mail Address: gayle.petersen@usda.gov

Anonymity Requested:  Yes [ ]  No [ X]

Choice between ADR and Counseling: (Check the appropriate box)

**ADR [ ]        Counseling [X ]**

## REPRESENTATIVE INFORMATION:

Name (Last, First, MI):  White, Heather, Esq.

Title: Attorney

Address: 1901 L Street, N.W., Suite #601, Washington, DC 20024

Telephone Number: (202) 331-9260

E-Mail Address:  Unknown

Attorney Yes [X]   No [ ]

## CHRONOLOGY OF COUNSELING ACTIVITY

Date of Initial Contact:  10/11/07
Date of Initial Interview: 10/17/07
Date of Most Recent Alleged Discriminating Event: 10/01/07
Date Complainant Became Aware of Most Recent Event: 10/01/07

45th Day after Complainant Became Aware of Most Recent Event: N/A
Explanation for Delay Beyond 45 Days (w/supporting documents): N/A
Date of Final Interview: 11/09/07
Date Notice of Right to File (NRF) Issued to Complainant's Attorney: 11/09/07
Date Complainant's Attorney Received NRF via Certified Mail: 11/13 /07
Attorney's Certified Return Receipt Article Number: 7005 0390 0004 2480 7630
**Date NRF Issued to Complainant via email: 11/09/07**
**Date Complainant Received NRF via email: 11/09/07**
Date of Formal Complaint: Unknown

**Per complainant's request the NRF along with a copy of the formal complaint form was provided to her via email on November 9, 2007.**

**During initial interview process, complainant confirmed that she received a copy of the Notice of Rights and Responsibilities (Exhibit 1) in the Intake package received from the OCFO-NFC-EEOWSS on October 11, 2007.**

**COMPLAINT INFORMATION:**

Issues:

1. **Mid-year review;**

2. **Evaluation/appraisal; and**

3. **Other (failure to process within grade increase): This counselor received an email from complainant dated October 27, 2007 (Exhibit 2) advising that she received her within grade increase during Pay Period 20. This counselor received another email from complainant dated November 6, 2007 (Exhibit 3) advising that a lump sum payment in the amount of $555.44 was deposited into her account. Complainant asked counselor to drop the portion of the complaint with respect to the within grade increase. However, complainant advised counselor that she was still moving forward with the portion of her complaint pertaining to management's refusal to give her a mid-year review and performance evaluation.**

Basis: Reprisal (prior EEO activity): The complainant stated in December 2006 she filed a formal complaint of discrimination (CRSD-CF-2006-02614) against Ted Gutman (hereafter referred to as RMO) (prior EEO activity unknown), and other members of the management team that are no longer with the agency The complainant stated her harassment claim is before the Equal Employment Opportunity Commission (EEOC), and she is awaiting a decision from the Merit Systems Protection Board (MSPB) judge regarding the 21-day suspension.

Date of Issue:  October 1, 2007

**HAVE THE SAME COMPLAINT ISSUE BEEN RAISED IN EITHER OF THE FOLLOWING FORUMS?**

( ) Yes.  If yes, check appropriate box below and indicate date of filing.  No (X)
( ) Negotiated Grievance with supporting documentation
( ) MSPB Appeal with supporting documentation
( ) Prior EEO Complaint(s) with supporting documentation
( ) Civil Action with supporting documentation

**RESPONDING MANAGEMENT OFFICIAL (RMO) INFORMATION:**

Ted Gutman, Chief
Complaints Adjudication Division (CAD)
Office of Adjudication and Compliance (OAC)
Department of Agriculture (USDA)
1400 Independence Avenue, SW
Washington, DC  20250-9410
(202) 205-3579

**THE ISSUE:**

Gayle M. Petersen (hereafter referred to as complainant) alleged that she has been discriminated against on the basis of reprisal (prior EEO activity) by the RMO.  The complainant stated the RMO never conducted a mid-year performance review with her, and did not evaluate her performance for the FY 2007 appraisal period.  She stated the RMO conducted mid-year reviews and provided ratings to everyone else under his supervision.  The complainant stated the RMO's failure to conduct a mid-year review and provide her with a FY'07 performance appraisal is an act of reprisal against her for participation in MSPB and EEO activity.

**Mid-Year Review:**

The complainant stated the RMO conducted mid-year reviews with other employees under his supervision, but did not conduct one with her.  She stated on June 1, 2007 the RMO sent her an email asking her to set up a meeting with him and Michele Eiland, Branch Chief, CAD, OAC, to conduct the mid-year review.  The complainant stated the RMO asked her to submit her mid-year write-up by email to Ms. Eiland and him no later than June 12, 2007.  She stated the RMO also stated if she needed additional time, to request extension from Ms. Eiland.  The complainant stated she followed the instructions and requested an extension from Ms. Eiland regarding the mid-year write-up.  She stated after Ms. Eiland gave her the extension, she submitted the write-up.  **The complainant stated she was never given a mid-year review.  The complainant feels that she is being treated differently than other similarly situated employees.**

### FY'07 Performance Appraisal:

The complainant stated she is the only individual in the division that has not received a performance appraisal for FY'07. She stated the RMO provided appraisals to everyone else under his supervision in the beginning of September. The complainant stated she has been given various reasons as to why she has not been evaluated, and promises as to when the evaluation will take place. The complainant stated she has not been evaluated and as a result, she will not be eligible for an award of any kind although her performance was exemplary. The complainant stated even though she was out of the office, she still should have gotten her performance rating. **The complainant feels that she is being treated differently than other similarly situated employees.** The complainant stated Jennifer Kiessling was out of the office on maternity leave for approximately four (4) months, almost the same amount of time she was out of the office. The complainant stated she was out due to illness, 21-day suspension and grand jury duty. The complainant stated both she and Ms. Kiessling were informed that they could work until the end of September and then be evaluated. The complainant stated she provided her work product to the RMO on or around September 25, 2007. The complainant stated Ms. Kiessling received her performance appraisal in September and was promoted to the GS-12 grade level. **The complainant stated she was not provided a performance appraisal.**

The complainant stated Muhammad Ali was acting team leader in the beginning of FY'07. She said it is her understanding that he was allowed to turn in work at the end of September and was given a performance appraisal. **The complainant stated she was not provided a performance appraisal.**

The complainant stated she received an email dated August 22, 2007 from the RMO advising that she would be reporting directly to Michele Eiland **(Exhibit 4).** However, the complainant stated she has not been under the supervision of Ms. Eiland for 90 days, and she cannot provide any input into her evaluation.

The complainant stated from June 18, 2007 to July 13, 2007 she was called for jury duty and served on the District of Columbia Grand Jury in Superior Court. She stated she returned to work on July 16, 2007, and during that time was unable to process any cases. The complainant stated on July 24, 2007, she served a mandatory recall date to the Grand Jury duty, and on August 7, 2007 she returned to the Grand Jury to serve the final mandatory recall date. She stated on September 26, 2007 she was out of the office on official time to prepare for the MSPB hearing regarding the 21-day suspension. The complainant stated the rating period for FY07 ended September 28, 2007. She stated as such she has not been under Ms. Eiland's supervision for 90 days and she cannot provide any input into her evaluation.

<u>Other (failure to process within grade increase):</u>

This counselor received an email from complainant dated October 27, 2007 (Exhibit 2) advising that she received her within grade increase during Pay Period 20. This counselor received another email from complainant dated November 6, 2007 (Exhibit 3) advising that a lump sum payment in the amount of $555.44 was deposited into her account. Complainant asked counselor to drop the portion of the complaint with respect to the within grade increase. However, complainant advised counselor that she was still moving forward with the portion of her complaint pertaining to management's refusal to give her a mid-year review and a performance evaluation.

## INDIVIDUALS CONTACTED DURING INQUIRY:

**Name:**            Michael Watts
**Title:**           Deputy Director, OAC
**Telephone Number:** (202) 720-5212

## REASONS ARTICULATED BY MANAGEMENT FOR THE ACTION THEY TOOK WHICH RESULTED IN THE COMPLAINT BEING FILED:

On October 18, 2007, the RMO stated the complainant has not received her FY'07 performance appraisal. He stated the complainant turned in her work product near the end of the fiscal year. The RMO stated he is currently reviewing complainant's work and she will be provided a rating as soon as review of work is completed or soon thereafter. The RMO stated he is working to complete review of work in order for complainant to receive rating before end of appraisal cycle. The RMO stated the other employees were provided a rating. He stated the other employees had less work for his review at the end of the year because he gets their work products throughout the year. The RMO stated he has more work from complainant to review than the other employees because complainant turns in the bulk of her work at the end of the fiscal year.

The RMO stated the first-line supervisor (Michele Eiland) for complainant was detailed into position in April 2007. He stated first-line supervisor provides input to him on all employees' performance.

The RMO stated it is his understanding that employees that receive a fully successful, superior or outstanding rating are eligible for some type of performance award.

## RELIEF REQUESTED AND SUMMARY OF RESOLUTION EFFORTS:

The complainant requested the following as relief:

1. Within-grade increase (No longer a live issue; has been resolved).
2. FY'07 performance evaluation.

6

3. Transferred from under the supervision of RMO.

The RMO stated he has no authority to provide any relief and asked counselor to elevate informal complaint to Michael Watts (hereafter referred to as **Resolving Official**) (no prior EEO activity), Deputy Director, OAC, for possible resolution and/or counteroffer(s).

On October 20, 2007 informal complaint was elevated to Resolving Official for possible resolution and/or counteroffer(s). Resolving Official informed counselor that he would follow-up during the week of October 22, 2007. As of the date of this counselor's report did not get a response from the Resolving Official.

**CLOSURE:**

A resolution to the complaint was not achieved. Therefore, a Notice of Right (NRF) **(Exhibit 5)** to file a formal complaint was issued to complainant's attorney on November 9, 2007. **Complainant was also provided NRF via email system on November 9, 2007.**

**COUNSELOR INFORMATION:**

Name:                     Jo Ann Thomas, Contract EEO Counselor
Telephone Number:   (337) 413-9419

Signature: *Jo Ann Thomas*    Date: 11-19-07

**Exhibits:**

1. **Notice of Rights and Responsibilities.**
2. **Email dated October 27, 2007.**
3. **Email dated November 6, 2007.**
4. **Email dated August 22, 2007.**
5. **NRF issued to complainant's attorney.**
6. **Domestic Return Receipt (Green Card) date of delivery (November 13, 2007) from complainant's attorney.**

Ex. 1
Page 1 of 2

## NOTICE OF RIGHTS AND RESPONSIBILITIES ·

On November 9, 1999, EEOC's regulations governing the processing of complaints of employment discrimination by federal applicants and employees was revised. Your rights and responsibilities under the revised regulations include the following:

a. Prior to filing a formal complaint, you have the right to anonymity.

b. You have the right to representation throughout the complaint process including the counseling stage. The EEO Counselor is not an advocate for either the aggrieved person or the agency.

c. You have the right to choose between Alternative Dispute Resolution (ADR) or EEO counseling, where the agency agrees to offer ADR. The EEOC's revised regulations require that agencies establish or make available an ADR program beginning January 1, 2000.

d. You may be required to choose between a negotiated grievance procedure and the EEO complaint procedure. Consult your EEO Counselor for clarification.

e. You may be required to choose between the EEO complaint procedure and an appeal to the Merit Systems Protection Board (MSPB). Consult your EEO Counselor for clarification.

f. You are required to file a complaint within 15 calendar days of receipt of the Counselor's Notice of Right to File a Formal Complaint in the event that you wish to file a formal complaint at the conclusion of counseling or ADR.

g. You may file a notice of intent to sue and file a lawsuit under the ADEA instead of an administrative complaint of age discrimination when age is alleged as a basis for discrimination, pursuant to Part 1614.2101(a).

h. You have the right to go directly to a court of competent jurisdiction on claims of sex-based wage discrimination under the Equal Pay Act even though such claims are also cognizable under Title VII.

i. You have the right to request a hearing before an EEOC Administrative Judge (except in a mixed case) after completion of the investigation or 180 calendar days from the filing of a formal complaint, whichever comes first. After November 9, 1999, your request should be made directly to the appropriate EEOC office, and you must notify the responding agency of your hearing request. Consult the EEO Counselor for information on where a request for a hearing and notice to the agency should be sent.

j. You have the right to an immediate final decision after an investigation by the agency in accordance with Part 1614.108(f).

*Ex. 1*
*Page 2 of 2*

k.    You have the right to go to U.S. District Court 180 calendar days after filing a formal complaint if no final action has been taken on the complaint, or 180 days after filing an appeal if no decision has been issued on the appeal.

l.    You must mitigate damages, i.e., you must look for other appropriate employment and you must seek treatment for an injury you claim.

m.    You must keep the agency and EEOC informed of your current mailing address and serve copies of hearing requests and appeal papers on the agency.

n.    Where counseling is selected, you have the right to receive in writing within 30 calendar days of the first counseling contact (unless you agree in writing to an extension) a notice terminating counseling and informing you of:

   (1) the right to file a formal individual or class complaint within 15 calendar days of receipt of the notice

   (2) the appropriate official with whom to file a formal complaint, and

   (3) your duty to immediately inform the agency if you retain counsel or a representative.

o.    Where you agree to participate in an established ADR program, the written notice terminating the counseling period will be issued upon completion of the dispute resolution process or within ninety (90) calendar days of the first contact with the EEO Counselor, whichever is earlier.

p.    Only claims raised at the counseling stage or claims that are like or related to them may be the subject of a formal complaint, or an amendment to a complaint after it has been filed.

q.    Your rejection of an agency's offer of resolution made pursuant to Part 1614.109(c) may limit the amount of attorney's fees or costs you can recover.

r.    If you have filed two or more complaints, the agency must consolidate them after appropriate notice to you. Part 1614.606. When a complaint has been consolidated with one or more earlier complaints, the agency shall complete its investigation within the earlier of 180 days after the filing of the last complaint or 360 days of the filing of the first complaint.

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| GAYLE M. PETERSEN,<br>1320 Rittenhouse St., NW<br>Washington, DC 20011 | ED SCHAFER, SECRETARY<br>United States Department of Agriculture,<br>1400 Independence Ave, SW<br>Washington, DC 20250 |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Washington, DC<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF<br>LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Michael J. Snider, Esq.<br>Jason I. Weisbrot, Esq.<br>Snider & Associates, LLC<br>104 Church Lane, Suite 100<br>Baltimore, MD 21208<br>410-653-9060 | |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government
   Plaintiff

● 2 U.S. Government
   Defendant

○ 3 Federal Question
   (U.S. Government Not a Party)

○ 4 Diversity
   (Indicate Citizenship of
   Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place<br>of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place<br>of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a<br>Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**○ A. Antitrust**

☐ 410 Antitrust

**○ B. Personal Injury/
Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**○ C. Administrative Agency
Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
    Administrative Agency is Involved)

**○ D. Temporary Restraining
Order/Preliminary
Injunction**

Any nature of suit from any category may
be selected for this category of case
assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)**    **OR**    **○ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or
    defendant
☐ 871 IRS-Third Party 26
    USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure
    of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
    Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
    Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced &
    Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
    Exchange
☐ 875 Customer Challenge 12 USC
    3410
☐ 900 Appeal of fee determination
    under equal access to Justice
☐ 950 Constitutionality of State
    Statutes
☐ 890 Other Statutory Actions (if
    not administrative agency
    review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ◉ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Civil Rights Act of 1964, 42 USC 2000e - claims of harassment, hostile work environment and discrimination based on color, race, sex and reprisal.

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** 300,000 | Check YES only if demanded in complaint |
|---|---|---|---|
| | | **JURY DEMAND:** | YES ☒    NO ☐ |

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE 5/29/08    SIGNATURE OF ATTORNEY OF RECORD    *[signature]*

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.